Approved: _Daniel Nessim_
    Daniel G. Nessim
    Ryan B. Finkel
    Assistant United States Attorneys

Before: HONORABLE GABRIEL W. GORENSTEIN
    Chief United States Magistrate Judge
    Southern District of New York

------------------------------------x

UNITED STATES OF AMERICA        :   **COMPLAINT**

       - v. -                      :   Violation of
                                     :   21 U.S.C. § 846
JOSE MARTES and
JORGE ACOSTA RODRIGUEZ,       :
                                     :   COUNTY OF OFFENSE:
                                     :   BRONX
            Defendants.         :

------------------------------------x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    WILLIAM BLANCO, being duly sworn, deposes and says that he is a Special Agent with the Drug Enforcement Administration ("DEA") and charges as follows:

COUNT ONE<br>(Narcotics Conspiracy)

    1.    In or about June 2019, in the Southern District of New York and elsewhere, JOSE MARTES and JORGE ACOSTA RODRIGUEZ, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

    2.    It was a part and an object of the conspiracy that JOSE MARTES and JORGE ACOSTA RODRIGUEZ, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substances that JOSE MARTES and JORGE ACOSTA RODRIGUEZ, the defendants, conspired to distribute and possess with intent to distribute were (i) one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(b)(1)(A); and (ii) 40 grams and more of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(B).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

4. I am a Special Agent with the DEA and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, and my conversations with law enforcement officers, law enforcement employees, and witnesses, as well as a review of documents. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in this investigation, including surveillance I conducted, my review of documents, and my conversations with other law enforcement officers, I have learned, in substance and in part, that:

a. On or about June 5, 2019 at approximately 8:30 p.m., I and other law enforcement officers were surveilling an apartment building in the Bronx, New York ("Building-1").

b. At approximately 8:45 p.m., I and other law enforcement officers observed two individuals later identified as JOSE MARTES and JORGE ACOSTA RODRIGUEZ, the defendants, exit Building-1 and walk toward a vehicle (the "Vehicle") that was parked on the street. MARTES was carrying a black plastic bag that appeared weighted down. MARTES entered the Vehicle and sat in the driver's seat, and ACOSTA RODRIGUEZ entered the Vehicle and sat in the passenger's seat.

c. I and other law enforcement officers followed the Vehicle for approximately ten minutes. The Vehicle made a

turn without signaling and, at approximately 9:00 p.m., I and other law enforcement officers stopped the Vehicle.

        d. I and other law enforcement officers approached the Vehicle. We asked MARTES and ACOSTA RODRIGUEZ for identification, which they provided. We asked MARTES and ACOSTA RODRIGUEZ, in substance and in part, if they were transporting any narcotics, and the defendants answered in the negative. We asked MARTES and ACOSTA RODRIGUEZ for consent to search the Vehicle, which the defendants granted. I and other law enforcement officers began searching the Vehicle, and did not locate contraband at first. Because the Vehicle had been stopped in an area of busy traffic, I and other law enforcement officers transported the defendants and the Vehicle to a safe location a short distance away, in order to continue the search of the Vehicle. A trained narcotics-detection canine was brought to the scene, which alerted at the Vehicle's third-row passenger seat.

        e. I and other law enforcement officers then searched the Vehicle's third-row passenger seat and located a hidden compartment (the "Trap"). A search of the Trap located approximately $50,000 in cash.

        f. I and other law enforcement officers placed MARTES and ACOSTA RODRIGUEZ under arrest and advised MARTES and ACOSTA RODRIGUEZ of their *Miranda* rights. Both MARTES and ACOSTA RODRIGUEZ waived their *Miranda* rights and agreed to speak with law enforcement.

        g. ACOSTA RODRIGUEZ provided myself and other law enforcement officers with verbal and written consent to search his apartment ("Apartment-1") located at Building-1. Once we arrived at Apartment-1, an individual who identified herself as ACOSTA RODRIGUEZ's girlfriend also provided verbal and written consent to search Apartment-1. ACOSTA RODRIGUEZ stated to myself and other law enforcement officers, in substance and in part, that there were approximately two kilograms of heroin located under ACOSTA RODRIGUEZ's bed that MARTES had provided to ACOSTA RODRIGUEZ for safekeeping several days prior. In searching Apartment-1, we recovered what appeared, based on my training and experience, to be approximately two kilograms of heroin from the bed. One of the kilograms was subsequently field tested and returned a positive test for the presence of heroin.

        h. MARTES provided myself and other law enforcement officers with verbal and written consent to search his apartment ("Apartment-2") located at a different building in the Bronx ("Building-2"). Once we arrived at Apartment-2, an

individual who identified herself as MARTES's wife also provided verbal and written consent to search Apartment-2. MARTES stated to myself and other law enforcement officers, in substance and in part, that approximately 1,000 pills of fentanyl and approximately $12,000 in cash were located in Apartment-2. In searching Apartment-2, we recovered approximately 1,000 pills in a kitchen cabinet and approximately $12,000 in cash in a bedroom drawer (the "Pills").

        i. Based on my training and experience, the Pills resembled fentanyl pills. The Pills were subsequently weighed at approximately 148 grams.

WHEREFORE, deponent respectfully requests that JOSE MARTES and JORGE ACOSTA RODRIGUEZ, the defendants, be imprisoned or bailed, as the case may be.

 

_____
William Blanco
Special Agent
Drug Enforcement Administration

Sworn to before me this
6th day of June, 2019

_____
THE HONORABLE GABRIEL W. GORENSTEIN
CHIEF UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4